## Manhattan Company v. Brower.

THE defendant in this suit being in custody on mesne process, executed a warrant of attorney to confess judgment for the amount of the debt, but it was not witnessed by any person as his attorney, acting in that capacity for him.

*Hoffman*, on this ground, moved to have the warrant of attorney delivered up to be cancelled, and to vacate the judgment entered.

*Hamilton*, contra, read some affidavits, showing that the defendant at the time of executing the instrument, was perfectly well apprised of its nature, which had been explained to him by an attorney, though not actually *his* attorney, or the attorney of the plaintiffs, and that the whole transaction was *bona fide,* and without surprise.

The inclination of the court appearing to be against the application, the proceedings having been within the spirit of the rule relied on ; and, it being suggested at the bar, that it was doubtful, whether the *English* rules of *E.* 15 *Car.* II. and *E.* 4 *G.* II. had ever been made a rule of this court, though the prac-

tice was acknowledged to have been in conformity to its regulation,

*Hoffman* consented to withdraw his motion, and let the judgment stand as a security for the debt, the plaintiffs delivering a declaration, and agreeing to go to trial on the merits.\*

\* In *Hutson* v. *Hutson*, 7 *D*. & *E*. 8. the court of King's Bench, held that the benefit of the *English* rules referred to, could not be waived by a prisoner, and that the presence of the plaintiff's attorney was insufficient, though acting for the prisoner at his request and entreaty, and though pressed to send for another attorney to witness the instrument, with the nature of which the defendant was perfectly acquainted.